UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
United States of America                                            :    **02-CR-891 (ARR)**
                                                                    :
    -against-                                   :    **Not for electronic or print**
                                                                    :    **publication.**
Melson R. Mathis,                                                   :
                                                                    :    **Opinion & Order**
                Defendant. :
------------------------------------------------------------------- X


ROSS, United States District Judge:

On November 29, 2005, I sentenced Melson R. Mathis ("Mathis" or "defendant") to 282 months' imprisonment after he was convicted by a jury of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Nov. 29, 2005 J. 1–2, ECF No. 367.  In the instant *pro se* motion, Mathis argues that I should reduce his sentence on two grounds. First, Mathis asserts that "extraordinary and compelling reasons warrant [a sentence] reduction" pursuant to § 3582(c)(1)(A)(i). 18 U.S.C. § 3582(c)(1)(A)(i) (2018); *see* Def.'s Br. 1, 4, ECF No. 614. Second, he renews his previous motion to vacate his § 924(c) conviction in accordance with *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Def.'s Br. 1, 5–7; *see* Mot. to Reduce Sentence, ECF No. 576; Op. & Order Den. Mot. for Sentence Reduction, ECF No. 580. The government opposes his motion on both grounds. Gov't Opp'n 1, 4–6, ECF No. 619. For the following reasons, his motion is denied.

    **I.**    **Mathis has not demonstrated that he completed the necessary procedural steps vis-à-vis the Bureau of Prisons prior to filing a § 3582(c)(1)(A)(i) motion.**

Once a term of imprisonment is imposed, I may modify it only in limited circumstances. 18 U.S.C. § 3582(c)(1)(A)(i) instructs that:

1

> the court, . . . upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

(emphasis added). Prior to the First Step Act's enactment, only the Bureau of Prisons ("BOP") had been authorized to petition the court to reduce a defendant's sentence under this provision. *United States v. Ebbers*, (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *1 (S.D.N.Y. Jan. 8, 2020). Now, defendants may seek relief themselves, if they have completed certain procedural steps. *Id.* at *1–2, *4 (explaining that defendant "exhausted his remedies with the BOP" prior to filing his motion); *United States v. Tagliaferri*, 13 Cr. 115 (RA), 2019 WL 6307494, at *3 n.2 (S.D.N.Y. Nov. 25, 2019) (noting that it was "undisputed" that defendant "properly exhausted all of his administrative remedies with the BOP[]"); *United States v. Urso*, 03-CR-1382 (NGG), 2019 WL 5423431, at *2 (E.D.N.Y. Oct. 23, 2019) (explaining that defendant demonstrated that thirty days had elapsed between petitioning warden and filing relevant motion with district court).

I agree with the government that Mathis's motion does not contain the documentation necessary to show either that he has exhausted his administrative remedies with the BOP or that thirty days have elapsed since the warden received his request for relief. *See* Gov't Opp'n 4–5. Mathis asserts neither basis in his motion,[1] nor directs the court to any relevant evidence on the docket. In the absence of such evidence, Mathis's § 3582(c)(1)(A)(i) claim is premature.

II. **Relief pursuant to *United States v. Holloway* is unavailable because the government opposes Mathis's petition.**

---

[1] In the instant motion, Mathis makes a general statement that he "has exhausted all avenues to seek justice by way of appeals and collateral attacks." Def.'s Br. 4. In the context of his brief, however, this statement does not appear to refer to any action he has taken with regard to the Bureau of Prisons.

I have already addressed a motion from Mathis requesting relief on the basis of Judge Gleeson's decision in *Holloway*, so I will not reiterate my reasoning again here. *See* 68 F. Supp. 3d 310 (E.D.N.Y. 2014); Op. & Order Den. Mot. for Sentence Reduction. The government opposes Mathis's motion. Gov't Opp'n 6 ("The government does not consent to vacating the defendant's convictions or sentence."). Accordingly, Mathis is not entitled to any relief on this basis.

Mathis's motion to reduce his sentence pursuant to § 3582(c)(1)(A)(i) and *Holloway* is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: February 4, 2020
Brooklyn, New York