UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                       :

UNITED STATES OF AMERICA,           :     02-CR-891 (ARR)

   -against-                        :     <u>NOT FOR ELECTRONIC</u>
                                      :     <u>OR PRINT PUBLICATION</u>
MELSON RAHEEN MATHIS,          :

           Defendant.          :     **OPINION & ORDER**

-------------------------------------------------------------------- X

ROSS, United States District Judge:

Defendant, Melson Raheen Mathis, moves to reconsider my August 28, 2020 order declining to order his compassionate release. Def.'s Mot. Reconsideration 2 ("Def.'s Mot."), ECF No. 649. Over the past few months, I have issued several orders denying Mr. Mathis's motions for compassionate release and motions to reconsider those decisions. *See* Op. & Order (May 6, 2020), ECF No. 629 ("May 6 Order"); Op. & Order (July 2, 2020), ECF No. 639 ("July 2 Order"); Op. & Order (July 16, 2020), ECF No. 642 ("July 16 Order"); Text Order (July 24, 2020); Text Order (Aug. 28, 2020). For the following reasons, the instant motion to reconsider is denied.

"A motion for reconsideration may be granted where the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Nehmad*, No. 16-CR-829 (AKH), 2020 WL 6719380, at *1 (S.D.N.Y. Nov. 16, 2020) (citation and quotation marks omitted). I have broad discretion to grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), also known as a motion for compassionate release, when a defendant, having met an exhaustion

requirement,[1] shows that "extraordinary and compelling reasons" warrant such a reduction, those

reasons outweigh the factors set forth in 18 U.S.C. § 3553(a), and the reduction "is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant makes three arguments, but none provides grounds to change my previous

conclusions. First, defendant, who has been transferred to F.C.I. Fort Dix, argues that the warden

at his previous facility, F.C.I. Elkton, violated his Eighth Amendment right to be free from cruel

and unusual punishment by failing "to provide a safe and sanitary environment" and violated his

First Amendment right to free speech by "retaliat[ing] against [him] by transferring [him] to even

more dire condition[s]." Def.'s Mot. 2–3. I previously determined that Mr. Mathis's assertions that

the warden of F.C.I. Elkton violated his Eighth and First Amendment rights failed to articulate "a

legal claim on which relief may be granted." July 16 Order 2. Even though Mr. Mathis presented

new facts that he was transferred to Fort Dix, he still has not provided a *legal* basis on which to

grant relief. Thus, I decline to reconsider my order on this basis.

Second, defendant appears to argue that the appalling conditions at Fort Dix constitute

extraordinary and compelling reasons that justify compassionate release. Def.'s Mot. 3–5; *see* 18

U.S.C. § 3582(c)(1)(A). Defendant alleges that he and several others who had been transferred

from Elkton remain quarantined in an abandoned cellblock with "gap[i]ng holes in the ceiling"

and peeling lead paint that had been "over[run] by cats." Def.'s Mot. 4. He claims those

quarantined were not given "proper cleaning supplies, or disinfectant," and "the soap dispenser[s]

are rarely full." *Id*. Additionally, their "clothing is laundered only once a week, there was an

outbreak of Legion[n]aires['] disease," they are expected to purchase their own hand sanitizer, and

---

[1] I need not determine whether defendant has met the exhaustion requirement because I conclude his motion to reconsider fails on the merits.

they are unable to socially distance in twelve-person cells. *Id*.

I recognize that Fort Dix is experiencing a severe COVID-19 outbreak. As of November 17, 2020, the Bureau of Prisons ("BOP") reports 238 confirmed active cases among prisoners and eighteen among staff. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Nov. 17, 2020). While I am troubled by the BOP's "failure . . . to prevent and control a COVID-19 outbreak at FCI Fort Dix," *United States v. Mongelli*, No. 02-CR-307 (NGG), 2020 WL 6449237, at *3 (E.D.N.Y. Nov. 3, 2020), Mr. Mathis has not provided any reasons why his "risk is exceptional, when compared to the general prison population" at this facility, May 6 Order 5. I have determined that his past diagnoses of asthma and benign essential hypertension did not pose an enhanced risk of serious complications from contracting COVID-19. *See id*. at 4–5. I also have determined that the mild case of COVID-19 he contracted in June 2020 did not justify his release. *See* July 2 Order 2. The conditions at Fort Dix, though concerning, do not affect these conclusions.

Third, defendant argues that the Second Circuit's intervening decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), warrants reconsideration. Def.'s Mot. 5. *Brooker* holds that I have "discretion" to consider "the full slate" of arguments that defendants present in determining what constitutes "extraordinary and compelling reasons" supporting compassionate release. *Brooker*, 976 F.3d at 237. Applying this framework, defendant claims I should consider that if he were sentenced today under 18 U.S.C. § 924(c), his conviction would no longer trigger a ten-year mandatory minimum given the Supreme Court's intervening decision in *Alleyne v. United States*, 570 U.S. 99, 104 (2013). Def.'s Mot. 5. It is true that *Alleyne* prohibits a district court from relying on judicial findings to determine that a defendant "discharged" a firearm under 18 U.S.C. § 924(c)(1)(A)(iii), a conclusion that triggers a ten-year mandatory minimum. 570 U.S. at 116. In Mr. Mathis's case, I relied on judicial findings to make this determination without presenting the

question to the jury, *see* Sentencing Tr. 23–25, ECF No. 363, so Mr. Mathis is correct that the ten-

year mandatory minimum would not apply if I sentenced him today. The Second Circuit has

determined, however, that *Alleyne* does not apply retroactively. *See United States v. Redd*, 735

F.3d 88, 91–92 (2d Cir. 2013). This means defendants like Mr. Mathis cannot obtain

postconviction relief on this basis. *See, e.g.*, *Benjamin v. United States*, 154 F. Supp. 3d 1, 5–6

(W.D.N.Y. 2016). I still may consider whether this sentence disparity constitutes an extraordinary

and compelling reason justifying Mr. Mathis's release under *Brooker*. But given that numerous

defendants remain incarcerated on sentences that may have been shorter if they had been sentenced

after *Alleyne*, I do not find this reason so extraordinary and compelling as to warrant a sentence

reduction on its own.

       For these reasons, Mr. Mathis's motion for reconsideration is denied.

SO ORDERED.

                                      ____/s/_____
                                        Allyne R. Ross
                                        United States District Judge

Dated:        November 18, 2020
                Brooklyn, New York