UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
  UNITED STATES OF AMERICA,                                         :   02-CR-891 (ARR)
                                                                    :
     -against-                                                      :   NOT FOR ELECTRONIC
                                                                    :   OR PRINT PUBLICATION
  MELSON RAHEEN MATHIS,                                             :
                                                                    :
                  *Defendant*.                                      :   **OPINION & ORDER**
                                                                    :
------------------------------------------------------------------- :
                                                                    X

ROSS, United States District Judge:

Defendant, Melson Raheen Mathis, moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. Def.'s Mot. Compassionate Release ("Def.'s Mot."), ECF No. 654. Over the past few months, I have issued several orders denying Mr. Mathis's motions for compassionate release and motions to reconsider those decisions. *See United States v. Mathis*, No. 02-CR-891 (ARR), 2020 WL 6784136, at *2 (E.D.N.Y. Nov. 18, 2020); Text Order (Aug. 28, 2020); Text Order (July 24, 2020); Op. & Order (July 16, 2020), ECF No. 642; Op. & Order (July 2, 2020), ECF No. 639; Op. & Order (May 6, 2020), ECF No. 629. For the following reasons, the instant motion is denied.

I have broad discretion to grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) when a defendant, having met an exhaustion requirement,[1] shows that "extraordinary and compelling reasons" warrant such a reduction, those reasons outweigh the factors set forth in 18 U.S.C. § 3553(a), and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

[1] I need not determine whether defendant has met the exhaustion requirement because I conclude his motion to reconsider fails on the merits.

1

Defendant makes two arguments, neither of which provides grounds for compassionate release. First, defendant claims he is experiencing severe symptoms, having tested positive for COVID-19 a second time. Def.'s Mot. 8. The government confirmed Mr. Mathis's diagnosis but has presented evidence showing that any symptoms Mr. Mathis may have had had subsided by December 24, 2020, when he was evaluated by a mid-level practitioner. Medical Records 3, 15, 67, Gov't's Opp'n, Ex. A, ECF No. 656-1 (filed under seal). Thus, Mr. Mathis's second bout of COVID-19 is not an extraordinary and compelling reason supporting his release.

Second, defendant claims he should be released to donate a kidney to his sister, who has end stage renal failure. Def.'s Mot. 9. He asserts that he is "the only other match" for his sister, besides his daughter who cannot donate her kidney because she was treated for cancer with chemotherapy. *Id.* at 10. The government notes that his only evidence supporting this argument is his sister's medical records, which say nothing about Mr. Mathis as a potential match. *Id.* at 16–19; Gov't's Opp'n 4, ECF No. 657. The government further argues that even if Mr. Mathis had substantiated his claim, it still fails because the Sentencing Commission has not recognized being the only donor match for a defendant's sister as an extraordinary and compelling reason supporting release. Gov't's Opp'n 5 (citing U.S. Sentencing Comm'n, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(C) (2018)). I agree with the government that I cannot grant compassionate release on this basis because Mr. Mathis has not provided adequate evidence. I note, however, that I am not bound by the Sentencing Commission's policy statements. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

For these reasons, Mr. Mathis's motion for compassionate release is denied.

SO ORDERED.

Dated: January 15, 2021
Brooklyn, New York

_____/s/_____
Allyne R. Ross
United States District Judge